UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LAWRENCE R. WRIGHT** | **CIVIL ACTION NO. 5:14-cv-2600** |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **WILLIE SHAW, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Lawrence R. Wright, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 26, 2014. Plaintiff is a pre-trial detainee in the custody of the Caddo Parish Sheriff; he is incarcerated at the Caddo Corrections Center awaiting trial on charges of second degree cruelty to a juvenile which are pending in the First Judicial District Court, Caddo Parish. He claims that he was falsely arrested by the Shreveport Police Department (SPD) on that charge on February 19, 2013. He sued Chief Willie Shaw and the SPD praying for the dismissal and expungement of the pending charges and compensatory damages for loss of wages, pain and suffering and defamation of character. He later amended his complaint to dismiss the SPD as a defendant; thereafter, he added Detectives Gardner and Baraack of the Shreveport Police Department as defendants. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

On August 26, 2014, plaintiff filed a hand-written pro se pleading entitled "Motion for Civil Judgement." Therein he claimed that his arrest by the SPD was "unlawful" and "wrongful" since the arresting officers conducted an "improper investigation." He was ordered to amend his

complaint and use the proper form. On September 8, 2014, he amended his complaint and alleged that he was "unlawfully arrested and charged ... with second degree cruelty to juveniles" on February 19, 2103. He claimed that the child in question sustained minor injuries when plaintiff accidentally dropped him while bathing him. He claimed that the diagnosis of the injuries did not match the description of cruelty in any way. He prayed for the dismissal and expungement of the pending charges and compensatory damages for loss of wages, pain and suffering, and defamation of character.

On October 6, 2014, an initial review was completed and plaintiff was directed to amend his complaint. He was specifically directed "... to allege the status of any charges– whether the charges remain pending, or whether he has now been convicted. He should provide a detailed description of the charges that resulted in his incarceration and provide, if available, copies of the arrest reports and affidavits of the arresting officers and, he should provide evidence to establish when the magistrate's probable cause determination was made in his case."

On October 28, 2014, he filed a "Certified Response" in which he alleged "Plaintiff has 'never' in 20 months been before a magistrate to determine nor find probable cause with sufficient evidence. Also there are no affidavits of the arresting agency, plaintiff has been falsely accused and arrested without the proper method to arrest plaintiff." [Doc. 9] Thereafter, on November 4, 2014, he filed a "Certified Response" indicating his desire to dismiss the SPD as a defendant; he then added Detective D. Gardner and Officer Baraack of the SPD as additional defendants and alleged that they were responsible for his unlawful arrest and false imprisonment in violation of the Fourth, Fifth, and Fourteenth Amendments. He again claimed loss of wages, pain and suffering and defamation of character. [Doc. 10] On the same date he filed another "Certified Response" alleging false arrest and imprisonment and requesting damages for loss of

wages, pain and suffering, and defamation of character. [Doc. 11]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Habeas Corpus and Abstention*

In addition to money damages, plaintiff prayed for the dismissal and expungement of the pending criminal charges and his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action. To the extent that he maintains that his custody is pursuant to a conviction in a state court, he must seek relief in a petition for *habeas corpus*

pursuant to 28 U.S.C. §2254; to the extent that he claims that his pre-trial detention is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's three tiered court system. Since release from custody is not available in this proceeding, plaintiff, to the extent he seeks such relief, fails to state a claim for which relief may be granted.

*3. Limitations*

Plaintiff claims that he was falsely arrested and imprisoned on February 19, 2013. The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d

1023, 1027 (5th Cir. 1983). The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). Plaintiff's false arrest and imprisonment claims thus probably accrued within hours of his arrest. *See Villegas v. Galloway*, 2012 WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Here, any claim of false imprisonment arising out of the allegedly unlawful search and seizure accrued , when a magistrate judge found probable cause to detain Villegas pending trial.") Plaintiff, however, claims that he "... has 'never' in 20 months been before a magistrate to determine nor find probable cause with sufficient evidence. Also there are no affidavits of the arresting agency, plaintiff has been falsely accused and arrested without the proper method to arrest plaintiff." [Doc. 9] This claim is highly suspicious. Indeed, in the pleadings filed by the plaintiff in his unsuccessful attempt to obtain habeas corpus relief, he alleged facts suggesting that he has been to Court and that the issue of probable cause has been raised. On June 12, 2014, plaintiff filed a pro se application for writ of habeas corpus in this court. He contested his arrest and continued detention on the cruelty charges and averred, "No evidence was presented by investigators nor medical examiner upon examination of defendant's child that constituted second degree cruelty." In that same pleading he alleged, "In this particular case the defendant has been incarcerated for over sixteen months now but still no evidence has been produced to give any reason why defendant is still being held captive. <u>Testimony</u> given by the prosecution and detective hold no merit, considering that after sixteen months no facts have been presented

5

... In addition to these violation, the defendant has requested for a bond reduction in <u>open court numerous times</u>." *See Lawrence R. Wright v. State of Louisiana*, Civil Action No. 5:14-cv-1185 at Docs. 1 and 5. These allegations certainly imply that plaintiff has been to court and the issues surrounding probable cause and bail have been litigated. Nevertheless, absent proof of the date that probable cause was determined, it would be improper to recommend dismissal based on prescription at this time.

### 3. *Heck/Wallace v. Kato* Considerations

Plaintiff has been charged with cruelty to a juvenile. Plaintiff awaits trial on this charge and claims that he is not guilty. If plaintiff is ultimately convicted of the offense, he will not be entitled to seek compensatory damages for his wrongful arrest and false imprisonment claims until such time as the conviction has been declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions.

On the other hand, since the criminal prosecution remains pending, *Heck* does not yet

apply. *See Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (<u>or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial</u>), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

Thus, in accordance with the principals announced in *Heck v. Humphrey, Hudson v. Hughes,* and *Wallace v. Kato,* plaintiff's wrongful arrest and false imprisonment claims must be stayed pending the results of the on-going criminal prosecution.

### *Conclusion and Recommendation*

Based on the foregoing

**IT IS RECOMMENDED THAT** this action – insofar as it seeks monetary damages for wrongful arrest, imprisonment and prosecution – be **STAYED** under the following conditions:

> **a.  If plaintiff intends to proceed with his claims, within thirty (30) days of the date the criminal proceedings against him have concluded he must file a motion asking the court to lift the stay;**
>
> **b. If the stay is lifted and the court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed at that time, absent some other bar to suit, such as prescription. See *Wallace*, 127 S.Ct. at 1098; and,**
>
> **c. In light of the stay, plaintiff should not file any more documents (other than an objection to this Report and Recommendation) in this action until the state court proceedings have concluded; and,**

**IT IS FURTHER RECOMMENDED THAT** this action – insofar as it seeks the

dismissal and expungement of the pending criminal charges and plaintiff's immediate release–be **DISMISSED** for failing to state a claim for which relief may be granted pursuant to Section 1983.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 12, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**